# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**JOHN C. MCDONALD,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0278** (BOR Appeal No. 2054942)
              (Claim No. 2020001098)

**EAGLE CORPORATION,**
**Employer Below, Respondent**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John C. McDonald, by Counsel T. Colin Greene and J. Thomas Greene Jr., appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Eagle Corporation, by Counsel Melissa M. Stickler, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied authorization for a subacromial decompression of the distal clavicle with bursectomy and biceps tendonesis and rotator cuff repair on September 9, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its December 11, 2019, Order. The Order was affirmed by the Board of Review on February 19, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]

. . . .

1

(c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. McDonald, a team leader, was injured in the course of his employment on July 15, 2019. He sought treatment from MedExpress and was diagnosed with rotator cuff sprain and shoulder impingement syndrome. The Employees' and Physicians' Report of Injury was completed that day and indicates Mr. McDonald injured his right shoulder while lifting a metal plate. The diagnosis was listed as right shoulder sprain. It was noted that Mr. McDonald also had a possible rotator cuff injury.

Todd Epperly and Ronnie Kidwiler, Mr. McDonald's coworkers, signed a statement on July 15, 2019, indicating Mr. McDonald had recently told Mr. Kidwiler that he got a cortisone shot in his right shoulder, but it had worn off. Mr. McDonald stated that his pain had returned and that he had experienced right shoulder pain for a long time.

Mr. McDonald returned to MedExpress on July 17, 2019, for right shoulder pain, reduced range of motion, and reduced strength. He was diagnosed with acromioclavicular joint sprain and rotator cuff tear. The claim was held compensable for right shoulder sprain on July 19, 2019. A right shoulder MRI was performed on July 26, 2019, which showed a full thickness tear of the supraspinatus tendon that appeared to be atrophic in nature, mild muscle atrophy, an anterior labrum tear, a complete tear of the bicipital labral junction, and moderate degenerative cartilage disease.

On July 31, 2019, Mr. McDonald reported reduced right shoulder range of motion, tenderness, and pain when he was seen at MedExpress. He was diagnosed with a superior glenoid labrum lesion. Troy Foster, D.O., noted that Mr. McDonald had classic signs of right shoulder impairment on August 14, 2019. Dr. Foster read the MRI as showing severe degenerative changes with osteophytes in the acromioclavicular joint, full thickness tears of the supraspinatus and subscapularis tendons, a focal tear of the labrum, and a complete tear of the bicipital tendon. Dr. Foster also found mild glenohumeral arthritis. Dr. Foster opined that the work injury exacerbated preexisting conditions. He recommended a subacromial decompression of the distal clavicle with bursectomy and biceps tendonesis and rotator cuff repair. Dr. Foster requested authorization for a referral to Johns Hopkins on August 28, 2019, due to a retracted supraspinatus and infraspinatus

tendon tear, a possible labrum tear, and degenerative cartilage disease. The claims administrator denied authorization for a subacromial decompression of the distal clavicle with bursectomy and biceps tendonesis and rotator cuff repair on September 9, 2019.

The Office of Judges affirmed the claims administrator's denial of a subacromial decompression of the distal clavicle with bursectomy and biceps tendonesis and rotator cuff repair on December 11, 2019. It found that the only compensable condition in the claim is a right shoulder sprain. The requested surgery was recommended to treat noncompensable conditions. Further, Mr. McDonald had preexisting right shoulder issues. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 19, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1(a), workers' compensation benefits shall be provided to those employees who have received personal injuries in the course of and as a result of their covered employment. Further, West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. The only compensable condition in this claim is a right shoulder sprain. The requested surgery is not necessary treatment for such injury. Therefore, the decision of the Board of Review denying authorization for surgery is affirmed.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton